SUMMONS ISSUED

CV 13 2996

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
DEAN POUPIS, JR.,

                              Plaintiff,                    JURY TRIAL DEMANDED

                                                           Case No.:

          -against-                                        F I L E D
                                                           IN CLERK'S OFFICE
HONORABLE THOMAS SPOTA,                                     U.S. DISTRICT COURT E.D.N.Y.
Individually and as the Duly Elected District
Attorney for the County of Suffolk,                        ★   MAY 21 2013   ★
UNIDENTIFIED ASSISTANT DISTRICT
ATTORNEYS #1-10, UNIDENTIFIED                              LONG ISLAND OFFICE
SUFFOLK COUNTY POLICE OFFICERS
1 through 10, NASSAU COUNTY POLICE                         SEYBERT, J
OFFICERS JOHN AND JANE DOE #1-10, and
Individuals JENNIFER BROWN and STEVEN                      BROWN, M.J.
LEWIS.

                              Defendants.
------------------------------------------------------------X

## COMPLAINT

### Introductory Statement

1.          This is an action for damages sustained by a citizen of the United States

against, *inter alia*, police personnel of the Suffolk County, New York Police

Department who, in violation of the Fourth and Fourteenth Amendment to the United

States Constitution, unlawfully arrested and maliciously prosecuted plaintiff and for

over a year deprived Plaintiff of his civil liberties and otherwise restrained his freedom.

The County of Suffolk (hereinafter "County"), the employer of the individual police

personnel defendants, is used as a person under 42 U.S.C. §1983 because of its

condonation of such police misconduct as that complained of herein.  The individual

1

Defendants, pursuant to the court's supplemental jurisdiction, are being sued, under N.Y. State law for malicious prosecution and abuse of process. Moreover, given their participation in the deprivation of Plaintiff's constitutional rights, the individual Defendants Brown and Lewis are also sued under 42 U.S.C. §1983. Defendant Spota is being sued for declaratory relief relating to his policy and practice with respect to exculpatory information.

Jurisdiction

2.      This action is brought pursuant to 42 U.S.C. §§ 1983, 1988, and the Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution. Jurisdiction is founded on 28 U.S.C. §§ 1331 and 1343 (1), (2), (3), (4) and the aforementioned statutory and constitutional provisions. In addition, plaintiff invokes this court's supplemental jurisdiction with respect to claims asserted under New York State law against the individual Defendants Steven Lewis and Jennifer Brown.

3.      The amount in controversy exceeds $150,000.00 excluding interest and costs.

Parties

4.      Plaintiff, Dean Poupis, was and is, at all times relevant to the allegations of this complaint, and still is, a citizen of the United States and a resident of the County of Suffolk, State of New York (hereinafter County).

5.      Defendant Jennifer Brown is, at the time of commencement, a resident of the County of Suffolk, State of New York, and at all relevant times was a citizen of the United States.

2

6.    Defendant Steven Lewis is, at the time of commencement, a resident of the County of Suffolk, State of New York, and at all relevant times was a citizen of the United States.

7.    At all times relevant hereto, Defendants Unidentified Police Officers #1 and #2 were employed by the Suffolk County, New York, Police Department as police personnel; they are sued individually and in their official capacities.

8.    The defendant County is a municipal corporation within the State of New York and at all times relevant to the allegations of this complaint, it acted under color of law and employed the other County Defendants as police personnel.

9.    Defendant Steven Lewis was the complaining witness in a criminal proceeding commenced against Plaintiff in February 27, 2010.

10.    Defendant Brown, the former paramour of plaintiff, is being sued under 42 U.S.C. §1983 and pursuant to the court's supplemental jurisdiction for maliciously prosecuting plaintiff in violation of state law.  Defendant Lewis is the current husband of Defendant Brown and was the complaining witness in the underlying criminal prosecution.

11.    Plaintiff seeks a declaratory judgment against defendant Spota with respect to the latter's obligation to appropriately respond to exculpatory evidence. Defendant Spota is and at all relevant times was the District Attorney of the County. Defendant Spota is an employee of the County and is sued individually and in his official capacity.

3

12.    At all times relevant to the allegations of this complaint and in all their actions described herein, the individual police personnel defendants were acting as the agents, servant and employees of the County and they were acting under color of law pursuant to their authority as police personnel of the County Police Department.

<u>Factual Allegations</u>

13.    On or about February 26, 2010, Plaintiff Dean Poupis was attempting to exercise visitation with his two daughters at the home in which they were residing; to wit: 7 Wagstaff Lane, West Islip, New York 11795.

14.    Also living at the home were the children's mother, Defendant Jennifer Brown, and her paramour at the time, Defendant Steven Lewis.

15.    The home was titled in Plaintiff's name at all relevant times.

16.    On or about February 26, 2010, while Mr. Poupis was attempting to exercise visitation with his daughters, a verbal dispute ensued between Plaintiff and Defendant Jennifer Brown.

17.    As Mr. Poupis was arguing with Defendant Brown, Defendant Lewis armed with a bat, stick or club, snuck up on Plaintiff, and charged at Plaintiff, swinging at Plaintiff's head.

18.    In his defense, Plaintiff struck Defendant Brown several times and disarmed him.

19.    On February 27, 2010, Plaintiff was arrested for assault in the second degree, pursuant to N.Y. PL §120.00.01.

4

20.     The criminal charges filed against Mr. Poupis were fully litigated and resulted in an acquittal on May 18, 2012. (Exhibit "A") The Judgment of Acquittal was filed with the Clerk of the Court on or about May 22, 2012.

21.     During the pendency of the criminal proceeding, Plaintiff learned that in his statement to the police, Defendant Lewis actually admitted to the police that he was the aggressor, had armed himself with a club, and swung at Plaintiff in order to scare him.

22.     The County Defendants, including Defendant Spota, failed in their duty to properly investigate and unreasonably concluded that there existed probable cause to arrest notwithstanding Defendant Lewis' admitting he was the armed aggressor.

23.     To the contrary, it is alleged herein that despite having an open admission by Defendant Lewis that he was the aggressor and had attempted to hit Plaintiff with a wooden club, the police department took Plaintiff into custody and held him in jail until he was released on bail.

24.     On March 2, 2010, Defendant Brown, relying on the arrest of Plaintiff, secured a "*stay away*" Order of Protection from the Suffolk County Family Court which prohibited Plaintiff from having any contact with his children, Alexa Poupis or Kameron Poupis and "*any other member of the household.*" (Exhibit "B")

25.     On May 18, 2012, Plaintiff was acquitted of all charges after a jury trial and the judgment of acquittal was entered by the clerk on or about May 22, 2012.

26.     The abuse to which plaintiff was subjected was consistent with an institutionalized practice of the County Police Department which was known to and

5

approved of by the municipality, the County having at no time taken any effective action to prevent the Defendant police officers and detectives from continuing to engage in such misconduct as that complained of herein.

27.     Defendant County authorized, tolerated as institutionalized practices and approved of the misconduct hereinbefore referred to by:

> (a) Failing to properly train, discipline, restrict and control employees, including Unidentified Defendant police and County employees;
>
> (b) Failing to implement proper procedures, guidelines and/or policies regarding the duty of police personnel to protect persons, including the plaintiff herein, from false and malicious allegations calculated to advance the interests of a party to a custody and visitation dispute;

28.     As a consequence of the abuse of authority detailed above, including the County's condonation of official misconduct, plaintiff sustained the damages hereinbefore alleged.

COUNT I

FEDERAL CLAIMS

(As against all Defendants)

U.S.C. §1983

29.     The allegations set forth in paragraphs 1 through 28 supra are incorporated herein by reference.

6

30.     The hereinbefore described actions and omissions, engaged in under color of state authority by Unidentified Defendant Police Officers and the County of Suffolk sued as a person responsible because of its authorization, condonation and/or approval of the acts of its agents, deprived plaintiff of rights and immunities secured to him by the Constitution of the United States, including but not limited to his Fourth, Fifth, Sixth and Fourteenth Amendment rights to be free from false arrest and malicious prosecution and his Fourteenth Amendment right to associate with his children and function as their father.

COUNT II

SUPPLEMENTAL CLAIMS

(As against all Defendants)

FALSE IMPRISONMENT

31.     Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 30 as if realleged in full.  The acts and conduct hereinbefore alleged constitute false imprisonment on the part of all Defendants under the common law of the State of New York.

32.     On February 27, 2010, based upon false statements made by Defendants Brown and Lewis, Plaintiff was taken into custody and held in a jail cell overnight.

33.     The Plaintiff was in a state of fear and anxiety over his confinement, worried that he would be attacked by other inmates.

7

34.    At no time did Plaintiff ever consent to his being confined and, in fact, pleaded with the police to release him, promising he would attend Court proceedings voluntarily.

35.    There was no justification or privilege permitting Plaintiff's confinement.  In fact, as was learned through the process of discovery in the criminal case, at the time of his arrest, the police knew, but failed to inform Plaintiff that Defendant Lewis admitted to being the aggressor and swinging at Plaintiff with a stick or club.

COUNT III

ABUSE OF PROCESS

(As against Defendants Brown and Lewis)

36.    Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 35 as if realleged in full.  The acts and conduct hereinbefore alleged constitute abuse of process on the part of Defendants Brown and Lewis under the common law of the State of New York.

37.    Following Plaintiff's arrest, Defendants Brown and Lewis employed the criminal prosecution and resulting Order of Protection as a means to deprive Plaintiff of contact with his children to advance a common plan to have custody of the children.

38.    Throughout various State Family Court proceedings, the mere arrest of Plaintiff was repeatedly pointed to by Defendants Brown and Lewis as a reason why Mr. Poupis should not have contact with his children.

39.     Likewise, throughout the various Family Court proceedings, the criminal charge commenced against Plaintiff was brought forward to create the impression that Mr. Poupis was a violent man who could not be trusted to be alone with his children.

40.     It is hereby alleged that in pressing charges knowing the true facts, both Brown and Lewis intended to harm Plaintiff and gain an unfair advantage in the unrelated Family Court proceedings and did so by insisting the criminal charge go forward.

41.     As a result of this abuse of process, Plaintiff has been damaged in an amount not less than $1,000,000.00, not including punitive damages which will be sought at the trial of this matter.

COUNT IV

(As against all Defendants)

MALICIOUS PROSECUTION

42.     Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 41 as if realleged in full.  The acts and conduct hereinbefore alleged constitute malicious prosecution on the part of all defendants under the common law of the State of New York.

43.     On February 27, 2010, Plaintiff was arrested by members of the Suffolk County Police Department.

44.     He was taken into custody and confined against his will.

9

45.     The complaining witnesses in the criminal matter were Defendants Brown and Lewis.

46.     On March 3, 2010, Defendant Brown alleged a family offense petition and relying on the criminal charge, obtained an Order of Protection prohibiting Plaintiff from having contact with his children.

47.     On May 22, 2010, a judgment of acquittal was filed with the Court Clerk and the criminal action was finally terminated in Plaintiff's favor.

48.     Given the fact that each Defendant knew that in the context of a criminal action, Defendant Brown was the aggressor and swung a wooden club at Plaintiff's head and that the struggle that caused Plaintiff's arrest was in self defense, no probable cause existed to arrest or continue to prosecute Plaintiff.

49.     That each Defendant possessed malice in pursuing the underlying prosecution. Insofar as the County Defendants, it is clear that their intentions were to harm Plaintiff notwithstanding having proof positive that he was innocent.

50.     With respect to Defendants Brown and Lewis, their hatred of Plaintiff and desire to alienate him from the lives of his own children spurred them to continue with their malicious behavior.

51.     This Court has supplemental jurisdiction to hear and determine this claim.

10

WHEREFORE, plaintiff demands the following relief:

(a) Compensatory damages jointly and severally against all of the defendants, other than defendant Spota, in an amount to be determined by the jury but not less than $1,000,000.00;

(b) Punitive damages against each of the individual defendants, other than defendant Spota, in amounts to be determined by the jury and

(c) Such other and further relief, including costs and reasonable attorney's fees, as this court may deem appropriate.

52.   Plaintiff seeks a declaratory judgment to the effect that defendant Spota is duty bound, personally and through his agents, to assess and take appropriate action when he is advised of the existence of exculpatory evidence.

Dated: May 17, 2013
      Smithtown, New York

**ROBERT J. DEL COL, ESQ.**
1038 West Jericho Turnpike,
Smithtown, New York 11787
631-271-4684

11

**EXHIBIT A**

**CERTIFICATE OF DISPOSTION**
DISTRICT COURT OF THE COUNTY OF SUFFOLK
========================================================================
THE PEOPLE OF THE STATE OF NEW YORK          DOCKET NUMBER:      2010SU008590
                    VS.                      DATE OF BIRTH:      12/29/1976
POUPIS,DEAN T JR
15 DOLPHIN LANE                              DATE OF ARREST/ISSUE:  02/27/2010
WEST ISLIP NY

**ARRAIGNMENT CHARGES:**
PL 120.00 01 AM          ASSAULT


DATE OF DISPOSITION: 05/18/2012   JUDGE: HOROWITZ,R   PART: D66T


**DISPOSITIONS:**
PL 120.00 01 AM          ASSAULT
                         ACQUITTED


I HEREBY CERTIFY THAT THIS IS A TRUE EXCERPT OF THE RECORD ON FILE IN THIS COURT.

WARREN G. CLARK                    06/29/2012          FEE: 5.00
CLERK OF THE COURT                    DATE             NUMBER:  68654

(CAUTION: THIS DOCUMENT IS NOT OFFICIAL UNLESS EMBOSSED WITH THE COURT SEAL.)

Exh A

**EXHIBIT B**

F.C.A §§ 430, 550, 655, 828, 1029

**ORI No:** NY051023J
**Order No:** 2010-000807
**NYSID No:** _____

At a term of the Family Court of the State of New York, held in and for the County of Suffolk, at Suffolk County Family Court 400 Carleton Avenue, Central Islip, NY 11722-9076, on March 02, 2010

**PRESENT: Rosann O. Orlando, Court Attorney Referee**

In the Matter of a FAMILY OFFENSE Proceeding

**File #** 109118
**Docket#** O-03335-10

Jennifer Brown (DOB: 04/17/1977),
                Petitioner,

  - against -

Dean Poupis Jr (DOB: 12/29/1976),
                Respondent.

**Temporary Order Of Protection**

**Ex Parte**

NOTICE: YOUR FAILURE TO OBEY THIS ORDER MAY SUBJECT YOU TO MANDATORY ARREST AND CRIMINAL PROSECUTION, WHICH MAY RESULT IN YOUR INCARCERATION FOR UP TO SEVEN YEARS FOR CRIMINAL CONTEMPT, AND/OR MAY SUBJECT YOU TO FAMILY COURT PROSECUTION AND INCARCERATION FOR UP TO SIX MONTHS FOR CONTEMPT OF COURT. IF YOU FAIL TO APPEAR IN COURT WHEN YOU ARE REQUIRED TO DO SO, THIS ORDER MAY BE EXTENDED IN YOUR ABSENCE AND THEN CONTINUES IN EFFECT UNTIL A NEW DATE SET BY THE COURT.

       A petition under Article 8 of the Family Court Act, having been filed on March 02, 2010 in this Court and good cause having been shown, and Dean Poupis Jr having not been present in Court,

       **Now, therefore, it is hereby ordered** that Dean Poupis Jr (DOB: 12/29/1976) observe the following conditions of behavior:

    [01] Stay away from:

        [A]    Alexa Poupis (DOB: 01/15/2003), Jennifer Brown (DOB: 04/17/1977) and Kameron Poupis (DOB: 11/22/2004) and any other member of the household;

        [B]    the home of Alexa Poupis (DOB: 01/15/2003), Jennifer Brown (DOB: 04/17/1977) and Kameron Poupis (DOB: 11/22/2004) at 7 Wagstaff Lane, West Islip, NY 11795 and any other member of the household.;

        [C]    the school of Alexa Poupis (DOB: 01/15/2003), Jennifer Brown (DOB: 04/17/1977) and Kameron Poupis (DOB: 11/22/2004);

        [D]    the business of Jennifer Brown (DOB: 04/17/1977);

        [E]    the place of employment of Jennifer Brown (DOB: 04/17/1977);

*exh B*

Page: 2
Docket No: O-03335-10
GFS 2009

[14]   Refrain from communication or any other contact by mail, telephone, e-mail, voice-mail or other electronic or any other means with Alexa Poupis (DOB: 01/15/2003), Jennifer Brown (DOB: 04/17/1977) and Kameron Poupis (DOB: 11/22/2004) and any other person in the household;

[02]   Refrain from assault, stalking, harassment, aggravated harassment, menacing, reckless endangerment, disorderly conduct, criminal mischief, sexual abuse, sexual misconduct, forcible touching, intimidation, threats or any criminal offense against Alexa Poupis (DOB: 01/15/2003), Jennifer Brown (DOB: 04/17/1977) and Kameron Poupis (DOB: 11/22/2004) and any other person in the household;

[04]   Refrain from acts or threats of physical violence acts or threats of physical violence acts or threats of domestic violence consuming, possessing, purchasing or being under the influence of alcohol or illegal drugs or substances and/or unprescribed medications (at any time) (while in the presence of the children) the use of corporal punishment that create an unreasonable risk to the health, safety or welfare of Alexa Poupis (DOB: 01/15/2003), Jennifer Brown (DOB: 04/17/1977) and Kameron Poupis (DOB: 11/22/2004);

[12]   Surrender any and all handguns, pistols, revolvers, rifles, shotguns and any other firearms owned or possessed. Such surrender shall take place immediately, but in no event later than upon service of this order at Suffolk County Sheriff;

It is further ordered that this Temporary Order Of Protection shall remain in force until and including  March 02, 2011;

Dated:       March 02, 2010                                ENTER



**Rosann O. Orlando, Court Attorney Referee**

The Family Court Act provides that presentation of a copy of this order of protection to any police officer or peace officer acting pursuant to his or her special duties authorizes, and sometimes requires, the officer to arrest a person who is alleged to have violated its terms and to bring him or her before the court to face penalties authorized by law.

Federal law requires that this order is effective outside, as well as inside, New York State. It must be honored and enforced by state and tribal courts, including courts of a state, the District of Columbia, a commonwealth, territory or possession of the United States, if the person restrained by the order is an intimate partner of the protected party and has or will be afforded reasonable notice and opportunity to be heard in accordance with state law sufficient to protect due process rights (18 U.S.C. §§2265, 2266).

It is a federal crime to:
• cross state lines to violate this order or to stalk, harass or commit domestic violence against an intimate partner or family member;
• buy, possess, or transfer a handgun, rifle, shotgun, or other firearm or ammunition while this Order remains in effect (Note: there is a limited exception for military or law enforcement officers but only while they are on duty) ; and

Page: 3
Docket No: O-03335-10
GFS 2009

• buy, possess or transfer a handgun,  rifle, shotgun or other firearm or ammunition after a conviction of a domestic violence-related crime involving the use or attempted use of physical force or a deadly weapon against  an intimate partner or family member, even after this Order has expired (18 U.S.C. §§922(g)(8), 922(g)(9), 2261, 2261A, 2262).

PURSUANT TO SECTION 1113 OF THE FAMILY COURT ACT, AN APPEAL FROM THIS ORDER MUST BE TAKEN WITHIN 30 DAYS OF RECEIPT OF THE ORDER BY APPELLANT IN COURT, 35 DAYS FROM THE DATE OF MAILING OF THE ORDER TO APPELLANT BY THE CLERK OF COURT, OR 30 DAYS AFTER SERVICE BY A PARTY OR THE LAW GUARDIAN UPON THE APPELLANT, WHICHEVER IS EARLIEST.

**Check Applicable Box(es):**

[ ]     Party against whom order was issued was advised in Court of issuance and contents of Order

[ ]     Order personally served in Court upon party against whom order was issued

[X]    Service directed by Process Server/Other Peace/Municipal Officer

[ ]     [Modifications or extensions only]: Order mailed on [specify date and to whom mailed]:_____

[ ]     Warrant issued for party against whom order was issued [specify date]:_____